

# NUMBERS 13-26-00222-CV, 13-26-00223-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CHRISTOPHER MATTHEW VICKERS,**                                    **Appellant,**

**v.**

**LENA CHERIE CHAISSON-MUNOZ,**                                    **Appellee.**

---

## ON APPEAL FROM THE 444TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron**
**Memorandum Opinion by Justice Cron**

Appellant Christopher Matthew Vickers filed notices of appeal from protective orders issued in trial court cause numbers 2025-DCL-06853-H and 2026-DCL-00059 in the 444th District Court of Cameron County, Texas, docketed respectively in our appellate

cause numbers 13-26-00222-CV and 13-26-00223-CV. We address both causes in this single memorandum opinion in the interests of judicial economy and efficiency. We dismiss the appeals for want of jurisdiction.

## I.   BACKGROUND

Appellant and appellee Lena Cherie Chaisson-Munoz are the parents of a four-year-old minor child, C.D.V.[1] Pursuant to an agreed order, the parties were named as joint managing conservators and shared possession of the child. On December 16, 2025, appellee filed an application for protective order against appellant in cause number 2025-DCL-6853 alleging that appellant "committed family violence, dating violence, or child abuse." She requested a temporary ex parte order, and she provided a supporting affidavit in support of her request. Appellee's affidavit stated that the child had sustained multiple injuries during appellant's period of possession, that the child sustained extreme distress during transfers of possession, and that the child screams, cries, and begs to stay with her. On January 6, 2026, appellee filed a different application for protective order against appellant in cause number 2026-DCL-59, alleging in relevant part that appellant's friend had sexually abused the child. In each application, appellee invoked the provisions of the Texas Family Code regarding protective orders.

The trial court held a hearing in these cases on January 22, 2026. After hearing evidence, the trial court recessed the hearing. Before resuming the hearing, the trial court signed a protective order on January 24, 2026. On February 12, 2026, the trial court

---

[1] We refer to the minor child by their initials in accordance with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.8(b)(2).

signed the "Corrected Protective Order" at issue in these appeals. This order recounts, in relevant part, that:

> Cause No. 2023-DCL-01268 was filed in this Court in 2023 as a Suit Affecting the Parent[-]Child Relationship (SAPCR). During the course of a jury trial, the parties settled the case and an Agreed Final Order was entered in the cause. In pertinent part, the parties agreed that [appellee] would have custody of the Child for one week in Cameron County or a contiguous county and the following week [appellant] would have custody of the Child for one week in Bexar County or a contiguous county and so forth. On January 20, 2026, [appellee] filed her Petition to Modify the Parent-Child Relationship.
>
> Cause Nos. 2025-DCL-6853 and 2026-DCL-59 are each Applications for a Protective Order filed by [appellee] in 2025 and 2026, respectively. The first Application was assigned to the 103rd District Court of Cameron County. The second Application was assigned to the 107th District Court of Cameron County. Both Applications were eventually transferred to the 444th District Court , where the SAPCR was filed.
>
> . . . .
>
> . . . After some discussion on whether the Applications and the Petition to Modify should be tried separately, the parties acquiesced that the Court hear all three causes at the same time.

(Internal footnote omitted).

These appeals ensued. In each appeal, appellant has filed a motion for expedited decision premised on the "irreparable harm" to appellant and the minor child caused by the trial court's protective order. Because we have sua sponte accelerated our review of these appeals, we dismiss appellant's motions as moot.

On July 20, 2026, the Clerk of the Court notified appellant in both appeals that it appeared that appellant was "attempting to appeal an order which is unappealable." The Clerk advised appellant that the appeals would be dismissed if the defects were not cured within ten days. *See* TEX. R. APP. P. 42.3. On July 21, 2026, appellant filed motions for

leave to file amended notices of appeal in each case. *See id.* R. 25.1(g). Appellant asserted that he had received the Clerk's notice, and he requested the Court to permit him to file amended notices of appeal clarifying that the orders he is appealing are "final, appealable protective order[s]." We grant appellant's motions for leave, and we consider appellants' amended notices of appeal in each case.

## II.     JURISDICTION

We have the inherent power and obligation to ascertain our jurisdiction over an appeal. *1 Coventry Ct., LLC v. Downs of Hillcrest Residential Ass'n, Inc.*, 728 S.W.3d 711, 714 (Tex. 2026) (per curiam). In general, we have appellate jurisdiction only over final judgments. *Rush Truck Ctrs. of Tex., L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & nn.11–12 (Tex. 2001). A judgment is final for the purposes of appeal if it either "actually disposes of every pending claim and party" or "clearly and unequivocally states that it finally disposes of all claims and all parties." *Estate of Wheatfall*, 729 S.W.3d 788, 792 (Tex. 2026) (per curiam) (quoting *Lehmann*, 39 S.W.3d at 205). We also have jurisdiction to review certain interlocutory orders when authorized by statute; however, we strictly construe such statutes as narrow exceptions to the general rule requiring finality. *Rush Truck Ctrs. of Tex., L.P.*, 718 S.W.3d at 237; *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 736 (Tex. 2019).

## III.     ANALYSIS

Title 4 of the Texas Family Code governs protective orders pertaining to family violence. *In re J.K.R.*, 658 S.W.3d 354, 362 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.); *see* TEX. FAM. CODE §§ 71.001–93.004. "A court shall render a protective order

4

as provided by Section 85.001(b) if the court finds that family violence has occurred." TEX. FAM. CODE § 81.001; *see id.* § 85.001(a) ("At the close of a hearing on an application for a protective order, the court shall find whether family violence has occurred."). The Texas Family Code expressly addresses the right to appeal a protective order issued under its terms. Section 81.009 provides:

(a) Except as provided by Subsections (b) and (c), a protective order rendered under this subtitle may be appealed.

(b) A protective order rendered against a party in a suit for dissolution of a marriage may not be appealed until the time the final decree of dissolution of the marriage becomes a final, appealable order.

(c) A protective order rendered against a party in a suit affecting the parent-child relationship may not be appealed until the time an order providing for support of the child or possession of or access to the child becomes a final, appealable order.

*Id.* § 81.009; *see In re Martinez*, 592 S.W.3d 170, 173 n.2 (Tex. App.—Tyler 2019, orig. proceeding). Thus, an appeal is allowed for a protective order that is *not* issued in a suit for dissolution of a marriage or regarding the parent-child relationship. *See* TEX. FAM. CODE § 81.009(a); *see, e.g.*, *Patil v. Joshi*, No. 07-23-00028-CV, 2023 WL 5156675, at *2 (Tex. App.—Amarillo Aug. 10, 2023, no pet.) (mem. op.) (rejecting the argument that a pending divorce proceeding rendered the protective order unappealable because "although there was a consolidated hearing, there was no overlapping of filings between the two separate cause numbers"); *Phillips v. Phillips*, 651 S.W.3d 112, 115 n.1 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (concluding that a protective order was appealable where the application was not filed as a motion in a suit for dissolution of a marriage, was filed under a separate cause number in a separate court, and the appellate record did not reflect that it was consolidated with the divorce proceeding); *Puente v.*

*Puente*, No. 01-18-00583-CV, 2019 WL 3418510, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, no pet.) (mem. op.) (concluding that a protective order was appealable where it was filed in a different cause number and assigned to a different court than a petition for divorce); *Watts v. Adviento*, No. 02-17-00424-CV, 2019 WL 1388534, at *2 (Tex. App.—Fort Worth Mar. 28, 2019, no pet.) (mem. op.) (concluding that a protective order was appealable where it was docketed separately from a pending SAPCR and was issued only in its own cause number); *Culver v. Culver*, 360 S.W.3d 526, 529 n.2 (Tex. App.—Texarkana 2011, no pet.) (stating that protective orders issued in separate cause numbers and treated "entirely separate" from divorce proceedings are appealable); *In re Keck*, 329 S.W.3d 658, 661 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (concluding that a protective order filed in a different case and different cause number from a parental termination case was appealable). In contrast, protective orders issued in a divorce proceeding or a SAPCR are interlocutory orders which are not subject to appeal. *See* TEX. FAM. CODE § 81.009(b), (c); *A.C. v. S.G.A.*, No. 04-25-00761-CV, 2026 WL 1020691, at *1 (Tex. App.—San Antonio Apr. 15, 2026, no pet.) (mem. op.); *Belmont v. Belmont*, No. 02-25-00388-CV, 2025 WL 2492351, at *1 (Tex. App.—Fort Worth Aug. 29, 2025, no pet.) (mem. op.); *McCoy v. McCoy*, No. 03-25-00237-CV, 2025 WL 1583512, at *1 (Tex. App.—Austin June 5, 2025, no pet.) (mem. op.).

Here, appellee has filed a petition to modify the parent-child relationship in cause number 2023-DCL-1268, an application for protective order in cause number 2025-DCL-6853, and an application for protective order in cause number 2026-DCL-59. The protective order states that "the parties acquiesced that the Court hear all three causes at the same time." And, the protective order includes all three cause numbers in its style.

6

By the terms of the protective order, appellee's petition to modify remains pending, and the trial court clearly envisions additional proceedings in the case. We conclude that the protective order at issue is an interlocutory order which is not appealable. *See* TEX. FAM. CODE § 81.009(c); *Daniels v. Funes*, No. 03-10-00317-CV, 2011 WL 2437692, at *2 (Tex. App.—Austin June 17, 2011, pet. denied) (mem. op.) (concluding that a protective order proceeding and a divorce proceeding were "intertwined to such a degree that they must be treated as a single suit" and thus the protective order was not appealable).

## IV.   CONCLUSION

We dismiss the appeals for lack of jurisdiction.

JENNY CRON
Justice

Delivered and filed on the
24th day of July, 2026.